NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR SAMUEL LARA-GARCIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73195

Agency No. A072-307-959

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:  WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Edgar Samuel Lara-Garcia, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen deportation proceedings.  Our jurisdiction is governed by

8 U.S.C. § 1252.  Reviewing for abuse of discretion the BIA's denial of a motion

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011) (citation omitted), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Lara-Garcia's motion to reopen as untimely because the motion was filed approximately 13 years after issuance of the final administrative order, *see* 8 C.F.R. §§ 1003.2(c)(2), 1241.31, and Lara-Garcia failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, where his motion did not state when he had definitively learned of the alleged ineffective assistance of his former attorney, *see Avagyan*, 646 F.3d at 679 (measuring the end of the tolling period from "when petitioner definitively learns of the harm resulting from counsel's deficiency").

We lack jurisdiction to review Lara-Garcia's due process challenge to the BIA's decision to invoke the summary-affirmance procedure in its 2001 order, because he failed to raise this contention in his motion to reopen before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1079 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Finally, because our determination regarding the untimeliness of Lara-Garcia's motion to reopen is dispositive of his petition for review, we decline to consider his assertion that he remains prima facie eligible for relief from removal.

10-73195

*See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to

reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**